Venequip Machinery Sales Corporation Good morning, Mr. Hicks. Good morning, Your Honor. May it please the Court, George Hicks for the appellant, Caterpillar Financial Services Corporation, or CFSC. In its seminal Iqbal decision, the Supreme Court held that a plaintiff must, quote, plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. CFSC's complaint here readily satisfies that standard. After VMSC Miami failed to pay back nearly $5 million that CFSC loaned to it under the Inventory Loan Agreement, CFSC filed a complaint alleging breach of contract. In that complaint, CFSC pleaded factual content establishing a breach of contract claim under Tennessee law. First, CFSC identified the contract at issue, specifically the ILA in six promissory notes, and even attached it to the complaint. Second, CFSC alleged nonperformance amounting to breach, specifically that VMSC breached the ILA, quote, by virtue of its failure to repay amounts as they become due pursuant to an ILA provision stating that, quote, a failure to repay the amount of principal or interest constitutes default. CFSC also alleged that, quote, VMSC Miami has materially breached its contractual obligations by failing to make Because your argument is not that Iqbal doesn't require some sort of at least general reference to the provision of the contract that has been breached. Your argument is that you, in fact, did that in your complaint, right? That's correct, Your Honor. I think we satisfied the demands of Iqbal and Resnick and Johnson,  You're not coming at us to say if the complaint here, it doesn't, but if the complaint here said there was a breach, I approved of the contract to the complaint, we were injured by that breach, and there's damages as a result of that breach, that would be enough. That's correct, Your Honor. We're not saying that formulaic recitation of the elements is enough, as I think you're referring to, and I don't think we did that here. I think that there's some gap between those things. It's plausibility requires more than formulaic, and maybe you've did enough, but it requires something. I just think we just need to be careful to say there is an, at least in our case law, we have suggested time and again that there needs to be some indication, whether general or specific, of the provision that's breached, and the sole question for me is where in your complaint does that exist? Yes, and I think that's in several places in the complaint. I think paragraph 5, where we say, VMSC Miami is and remains in default of its obligations under the express terms of the ILA by virtue of its failure to repay amounts as they become due. Paragraph 30C, default occurs if there is, quote, a failure to repay the amount of principal or interest as they come due. Paragraph 47, VMSC Miami has materially breached its contractual obligations by failing to make the required repayments of principal and interest due and owing under the aforementioned ILA and notes. So, I think that... I thought 39 would be one of your paragraphs. I don't have it here before, but I think there's a lot of information in that. What may have confused the district court here is that this is a really simple contract in the sense that you loaned money and you say that you weren't paid back the money that you loaned, and so there's not a lot of need to point to specific provisions and explain breaches and whatnot because it's just like a really simple thing. I think that's correct, Your Honor. I think that there's not much to say in the complaint when it is a sort of straightforward breach of contract. And I think that, I think the best example of that, Your Honor, is if you look at the district court's opinion. On page 1, it says, in this breach of contract action, CFSC sues VMSC Miami for its failure to repay amounts allegedly due under a June 16, 2016, inventory loan agreement. That's the case. You may be right, and you may be wrong, because you are right, but I want to be fair in this report. This is a shotgun complaint. It is not a model of clarity. It is clear that there are multiple breaches that are being sought into one count, and it is confusing when you have these multiple underlying contracts and the vast majority of allegations are related to a contract that doesn't seem to have anything to do with this or is tangentially related to what you are now arguing to us here. And I think that confusion is what may have led the district court and the magistrate judge astray here. Your Honor, I think it's true that there are two theories of liability alleged. That in itself — In a single account? In a single account, but I think the single account really focuses on our main nonpayment. But I grant you, I would not call it the platonic ideal of a complaint. Complaints seldom are. They are a case — I didn't know you were a complainer, but I got you. But I want to point out that even the magistrate judge — so this is at docket 41. This is in his order on a motion to stay, which came sort of in the middle of the motion to dismiss. The magistrate judge even says, and this is at page 7 and page 8, the mere fact that the complaint contains allegations concerning another alleged default under another contract hardly means that the instant lawsuit is not in fact based largely on the purported failure to pay under the ILA. And later he says, it is obvious, at least to the undersigned, that the instant lawsuit concerns an alleged breach of the ILA. The lawsuit describes itself that way, and critical allegations allege a breach of that agreement. So while I agree that we're not at the level of Plato, I do think that the complaint satisfies the pleading standard under Rule 8, under Iqbal, under Resnick, in terms of identifying — I'm not a lawyer in theory, so I don't need to worry about that. But I'm only bringing that up in understanding how the district court may have gotten to where it did. I want to ask you about the alternative ground, because there's an — even if we get past the allegation of what — that there is sufficient provision alleged in the complaint, in this platonic complaint, now we're at the point where there's a notice issue. So my question is, where here is there a sufficient allegation of notice, especially where the relevant paragraph that I see attaches a notice that has nothing to do and is about a different contract? Sure. My threshold response is that you shouldn't get into that. Just like the Frank case that we cite in the Fourth District, this is a court of review — We have that case, though. Sure. And I understand. Absolutely. For the notice, notice is only required under — if you look at the ILA 7.02a, notice is only required if the plaintiff is seeking acceleration. Exactly. Acceleration damages. And that was under the — sort of the second theory of liability, what was sought there. And that's why I think that the letters were attached in that respect. Are you seeking damages or default remedies different and apart from acceleration? Yes. And, in fact, I think that's shown. So we're not seeking for just the mere repayment of the principal and interest, not anything related to acceleration damages or there's an acceleration premium. That's set aside. We're talking about just repayment of the principal and the interest that is due. And that's under 7.02b, which does not require notice. That's simply you can bring a lawsuit, you can have a remedy to recover the principal and the interest. And I think that's shown in the amended complaint that we attached to the post-judgment motion. It forgoes those acceleration damages. And it just says, look, this is a straightforward breach of contract based on repayment. It's what the first complaint was, but it's at the — you know, it was attached to the post-judgment motion. And on that point, I do want to make something clear, which is I believe in the opposing brief by VMSC, it points to this colloquy during the hearing on the motion to stay discovery. And it says, aha, the magistrate judge even put you on notice that there was, you know, something not really totally clear about your complaint. But then — and so the idea is that, well, we should have known that we should have amended at that time, in particular before the scheduling order, which I think set a deadline of February 27th or something like that. But what they left out was the subsequent order on the motion to stay, which I just read to you, where the magistrate judge says it's fine if the complaint has a — But you put you on notice is the motion to dismiss, which specifically points out the problems in the complaint. You then, at that point, you now know — Yes. And you now know that you have two options. One is I can amend to fix this, so we move the motion and we can go forward on a fixed complaint. Or I can litigate this. But what you can't do, our case law seems to suggest, is hide in the weeds, get a ruling, and then after you get an adverse ruling, come back and say, oh, I really want to fix this whole thing. That seems to be how this was played out. Well, Your Honor, I guess I would disagree with the idea that simply a motion to dismiss is — puts you on notice that you should have amended, because a motion to dismiss, we could think it's not meritorious. I mean, clearly in the motion to — You can't just litigate that. And here you lost. You may end up winning, but — Is a motion to dismiss under 12b-6 the appropriate way to raise an issue of sort of a more definite statement? I don't think it is, Your Honor, because you can move for a more definite statement. I think there are a number of remedies and ways to get clarity beyond simply seeking, you know, 12b-6 motion to dismiss. Now, and I think that goes to another, you know, just in my remaining one minute, just want to talk briefly about the fact that the magistrate judge, who did dismiss this, dismissed it without prejudice. Four times, said over and over, dismiss without prejudice. Because I think that the magistrate judge realized, okay, if there's some lack of clarity here, I'm going to give you another chance, clean it up a little bit, make it a little more straightforward, if it could be, and go ahead. You chose not to clean it up? I'm sorry, Your Honor? You chose not to clean it up? I didn't. You chose not to clean it up? Well, we — You chose not to clean it up? Well, we filed our objections, and we said that we think that this was fine, which is our primary argument here, which is that we were just alleging — You got whipsawed, and the district court said, with prejudice. That's correct. And that — and we did the next thing we could, which was file a post-judgement motion. I don't know how to dismiss civil complaints by themselves. They have to go to a district judge. Right. And so we think we did what we needed to do to allege this complaint. But here we are, and, you know, we ask that the decision be reversed. I will reserve my time. Okay. Let's hear the magistrate. Mr. Eisenberg, good morning, Your Honor. My name is Gabriel Eisenberg. I represent the appellee defendant, VMSC Miami. I'm here with my colleague, Craig Martin. I wanted to get right to one issue that was raised a minute ago, which is about the acceleration premium. The plaintiff's counsel here said that's not part of our complaint. It's part of the alternative theory. Your Honors, if you look at count one, which is the single count in this complaint, the damages specifically seek the acceleration premium. They can't kind of run away from that. I think they're also right that they saw things other than acceleration damages. And I also think they're reading the contract seems to be right, that only subsection A of that — 7.02. Right. Only requires notice, whereas the other remedy provisions for VMSC people do not require notice. And so that wouldn't seem to require a complete dismissal, maybe a partial dismissal as to lack of notice for the acceleration part, but not as to the entire complaint. So that assumes that the entire complaint actually — A — Right. So — and this is the nub of their theory. They say that they did identify a provision that's breached, 7.01A. I mean, that's the ultimate theory. Paragraph 47 of the complaint says that there was a breach through failure. Your Honor, I want to press on this idea that you have to identify a provision of the contract. Where does that come from, that as part of your pleading requirement for a breach of contract claim, you have to cite, like, by paragraph, a provision of a contract that is breached? Well, that's from the case I recited in the brief, the State of Bass and the Burgess case. Both provided — in both cases, the court — this court — So in Bass — In Bass, we said the problem there was that the plaintiff only — Court of order. Only generally asserted a breach of contract without identifying any provisions or any specific agreements that were breached, nor excerpting any relevant portions of an agreement to allege the existence of a valid contract, end quote. So it seems like the problem there was that there was no allegation of a valid contract. We agree that there's a valid contract, Your Honor. We agree that there's a valid contract, but the next case is the Burgess case. The Burgess case attaches — in that particular case, the complaint was before the court. The defendant submitted it. The complaint was before the court, and the contract was before the court. Okay. I see the Burgess case. Yeah. There were several contracts before the court. The court said they didn't identify a specific provision. And what stands out about that case — The Burgess case was just wrong, and we don't have to follow it because we don't follow on Burgess cases. I suppose it's possible, but it is your opinion. What about — so there's two claims there. Yes. You know, the way that Young gets presented to us is your opposing counsel, I think, first brings it up and says, this is evidence that you don't need it. And I think in response, you point out, hey, if you look at that, there's two claims there. And in fact, in the first claim, we affirm the dismissal of that claim because, quote, there was a failure to, quote, point to any provision of any relevant documents promising that, in that case, that there would be a repayment or that it would have to do with credits, that a certain amount of credit would have to be paid.  So is that not some evidence for which we have to at least identify — not chapter and verse, but at least identify something in the contract? Yeah. Absolutely. I mean, that — that — that case — But even though it was in Young, wasn't the problem that there was no promise, there was no contract? There wasn't a problem that there was no contract, but even though the contract — But even though there was no contract — But even though the contract was before the Court, the Court still said you need to identify the provision breaching. But in Young, there was a contract, right? In Young, there was a contract. The contract — the contract — the contract was attached. It was an academic handbook and course catalog. Both documents were incorporated by reference into the Enrollment Agreements. The course catalog and the handbook did not make a contract? No. But isn't — didn't we say there were two claims? Yes. One, it was a contract. The other — Yes. If you look at it, there was no provision which required the promise for the minimum of six credits per time that would have — Yes, but the upshot is the document was in front of the Court. They tried to identify a provision, and you're — this Court held them to the requirement that they had to identify the provision. The question here for me is it seems to me — I think your opposing counsel read a number of the paragraphs from the  Yeah. He did not read another paragraph from the complaint. It seems to me if you read those, there is at least an allegation that there's a provision that requires payment and that there's an event of default where there's a failure to pay on time, and they allege that that is, in fact, at least one of the breaches here. That seems to me — Well, so I was going to tell you that that's the problem. We're not on notice as to what the breach actually is. It's really for a more definite statement. We move to dismiss. They didn't say you filed the wrong — you filed the wrong motion, so — Here's a quote from a published opinion from the Eleventh Circuit. Rule 12b-6 is not designed to strike inartful pleadings or to provide a more definite statement to answer an apparent ambiguity. Is that what your motion was? No. No. Our motion argued that they didn't identify the provision breached and also that they didn't provide the adequate notice. The two cases in your motion was a motion to dismiss. It was based on the presumption that they had a pleading requirement to identify a specific issue? Correct. Okay. You get that, you say, from an unpublished opinion and from Young. In Young — I really want you to point out to me where in Young this is because I read Young to say that it was not a pleading problem. It's that we looked at the documents and we said this promise doesn't exist in there. There's no agreement to do this. So it wasn't a you failed to identify it in your documents. And it wasn't there. Grand Canyon argues, as it did below, that Ms. Young's breach of contract claim fails because it cannot point to any specific contractual provisions making either promise. Okay. So the problem in that case, the failure to plead something, or is it the failure that the thing they're saying that's in there just isn't in there? Do you understand the difference? The promise in the documents. So it doesn't exist.  Okay. So here, that's — Have you moved to dismiss this because the thing that they said, you know, the agreement to repay didn't exist? Then I think that's a motion to dismiss. Well, the problem is it didn't exist as pleaded. In other words, and the reason it didn't exist as pleaded — so, for example, you know, they're saying didn't repay. In their briefing, they're making it clear, they're alleging they didn't repay because of a maturity breach. That's clearly not in this complaint. Okay? The complaint alleges that all the breaches occurred in December of 2017, and the earliest that any of these contracts reached maturity, the underlying promissory notes, was January 2018. So their complaint, as alleged, as they're pitching it — No, that wasn't the argument you made below. It wasn't that there is a promise to pay, but here the promise to pay has became due, but it hasn't become due because of the majority dates. What you said is they haven't pointed to a provision, and it seems to me that if you look — again, it's not artful, but if you look at it together, they do point to what they say is a promise in the contract to pay as it becomes due. Well, we didn't argue the maturity issue because they didn't raise it below. This is like a — this is a new theory. The problem was their complaint, the gravamen of their complaint, was that there was what we call an impairment breach. It was a cross-default based on what was going on in Curaçao. I think it is. Yeah, but the only possible theory under what they alleged was that there was a Curaçao breach. I mean, that — there was no other — there was no other mis — none of the — the issue of repayment hadn't come up because none had matured. So there wasn't a repayment problem at that point. That may be the reason why you win in the end, and it may be that if this does get reversed and remanded, that's the argument you make on a motion to dismiss or a summary judgment of, hey, when they filed the complaint here, nothing had matured yet. But in terms of the provision, it seems to me that they argue that there is a provision in the contract which states you have to pay when it becomes due. And in the event of default, certain remedies are owed to us. And that, in fact, was the reason for the breach. Is that — am I missing something? Yeah, so let me — let me — let me focus on — you keep on using the word repay when they become due. I think that's the direct quote from paragraph 47. Yeah, yeah, and it's a direct quote from paragraph 47. They say that's linked to 7.01A of the inventory loan agreement, which is the breach provision. The — the two aren't the same. Seven — Let me just — I just — I get your point you're making, but doesn't the contract require you to pay repay when things become due, when it becomes due? Isn't there a box in the agreements for you to pay? Upon — upon maturity. Okay, but that's not in the — But that's in the argument, I guess. But that's not in the complaint. I mean — To your judgmental point, though, they say you breach your agreement to repay when they become due. Your response today is that they haven't become due. That sounds like a great motion for summary judgment. That doesn't seem to defeat the claim that they're making, which is that they are due, you fail to repay. You're just — you're just contesting their facts in their motion. We're saying that it's impossible under the motion to — under the complaint as pleaded. In other words, nothing had become — you look at the face of the complaint. They're stuck with what they alleged. The complaint says the breaches occurred in December of 2017. Nothing was due then. And this is — the only reason this argument is coming up now about maturity is because they raised it later. Throughout below, they were focused on the whole notion that there was a Curaçao-related breach, and that was defeated by the fact that they attached these wrong notices, which have nothing to do with our client breaching any contracts. So it was — this isn't about what could happen. This is what they actually pleaded in their complaint. The breaches occurred in December of 2017, and — Let me ask you a hypothetical. Let's say — let's say that my bank sues me for my mortgage, and the claim is, look, you agreed — you borrowed this money, you agreed to pay us back as the things became due. You now have to pay us back for what you owe us under the mortgage. And so we want to, you know, get the money back. Is that not — and under your theory, that's not a valid contract claim, right? Basically, if the allegation — under your theory, it would be, but that's not what they've done. What they've done is something completely different. They're saying the — they're saying the — I just want to understand what you're saying. Like, so if I — if they filed that lawsuit against me and just said that, said, look, we've got the mortgage, we've got your agreement, you know, you agreed to pay us back, you haven't made the payments that are due, and we want — you made the payments that are due, what else do — Under your view, do they have to do something else in that complaint? Just stay on the stage, Mark. Not — in that particular situation, no. But in our situation — in our situation, yes. And the reason they needed to do something else, because they're alleging that the breach occurred in December of 2017, the nonpayment is an impossibility based on the way they've alleged this complaint. You may be completely right about that. I'm going to assume that you're right about that. Okay. This — the way that this came to us, though, is there was an argument below that the complaint was insufficient and that it did not allege the provision which was breached. Okay. The argument is that the magistrate accepted and recommended it to dismiss without prejudice. Yeah. That was an argument in the district court under objections. The district court ruled only on that basis and dismissed with prejudice on that basis. Yes. It's the only way this person appealed. And so on that narrow issue — Yeah. Not a large issue whether you're right in the end, but on the narrow issue of whether this complaint, as flawed as it may be, did, in fact, point to a provision which suggests that there was a failure to pay as it became due, it seems to do that. It doesn't. Okay. So let me answer that question. So besides the issue that the complaint has pleaded, their theory is that it's a maturity breach. It's impossible — so I'm going to say — I'm going to say — I'm going to go to two. The provision they say was breached was 7.01. You look — I'm going to just give the general picture. You look at the complaint. It doesn't cite 7.01 even once. They cite all sorts of other provisions. Do a Control-F. No. But let me — I — I guess I agree with Judge Brasher, which is that it doesn't — the requirement shouldn't be chapter or verse. It just has to point to a provision. It doesn't have to say, it is 7.03. I understood. I'm just trying to give context. They're saying it's 7.01. They cite all sorts of other provisions. It's notable that 7.01 is not cited even once in the complaint at all. The subsection isn't cited. Okay. Number two, the provision that talks about repay is not 7.01a, which is what they say. You have to look at the actual text. It's 7.01g. Okay. So 7.01a is simply failure to pay when due. 7.01g talks about repayment, and repayment there is linked to material impairment. Okay. So I — I don't know if you have the text in front of you, Your Honors. Okay. All right. So — and the difference between pay and repay here matters. Okay. Paragraph 47 that they're relying on says there was a failure to pay. Okay. It says there was failure to repay. 7.01a doesn't say repay. It says pay. Okay. Then you go to 7.01g. That says an adverse change based on the material impairment of the prospect of repayment of indebtedness. And if you look at the various other paragraphs in the complaint, they also use the word repay. This is an impairment breach. Look at paragraph 39 of the complaint. It says VMSC — VMSC Curaçao's default constituted a material impairment of the prospect that VMSC could or would be financially incapable to repay the inventory loan agreement. So what they were actually — the repay language is not 7.01a. It's 7.01g. Okay. And the rest of the complaint ties us to the Curaçao breach and the impairment, not to just a failure to repay. It's the cross default. And that's what made this complaint so confusing. Okay. Because what they're — they're using language sort of — they're trying to broaden the repay language to include any failure to repay when what really they're talking about is the material impairment. I see my time is done. Thank you, Mr. Osborne. For Mr. Hicks, you say four minutes. Thank you, Your Honor. Just a few points in rebuttal. With respect to the claim that I think I heard that the payment breach, paying back the principal in interest, is not in the complaint, I just simply think that's belied by the language of the complaint, which I'll go over again. Paragraphs 5, 30c. Your Honor, I looked at 39, 47. All of those are stating the payment's obligation. I think I heard my friend concede that there are two theories of liability in the complaint pleaded. I heard him refer again to 7.01g. That's the second theory. That's all about the, you know, the belief that there was an inability by VMSC Miami to repay because it was the guarantor under the Curacao loans. So that's the second theory of liability. That is separate from the first theory of liability, which is 7.01a. And I think, I'll try to respond to the sort of the pay versus repay distinction, but I didn't see that anywhere in the briefing. I think that's a completely new argument. And I just don't think it holds water if you look at 7.01a, which is an obligation to pay. And all we want them to do is pay. That's about it. There's an argument I heard that something, it was that, you know, the complaint was focused on December of 2017 and nothing was due then. But again, that all goes to the second theory of liability. The first theory of liability that we think is factual. When something becomes due, if as a matter of law, this did not become due when you filed your complaint in December, I think that would be a failure. I just don't think that was argued to anybody at any point. We're here on a very narrow legal issue. And you guys probably need to alleviate that very But it does go, I don't agree with you there. It does go to the failure to pay. Well, Your Honor, I think that it talks about the failure to pay, but I think that you're right in the sense that, you know, the reason we are here today and the reason that the magistrate judge and the district court judge was because, and this is my last point that I want to discuss briefly, is about, you know, the need to plead, as you pointed, chapter and verse of a contractual provision. I don't think that Iqbal and Rule 8 and Resnick require that level of granularity. I think that what the cases say, to the extent they've even said that you have to identify the contractual provision, I think it is, as we point out in our reply brief, those cases are saying that you just have to identify where's the promise, where's the obligation, is there an obligation. And those cases that say you have to identify the provision all came up in situations where there wasn't one or the plaintiff hadn't done it. It was just a formulaic recitation that, well, there was a breach of contract and that was about it. This is not that case. We don't have that here. So I don't think you, I think it's a really interesting question as to whether you, you know, the sort of line between how much you have to plead in terms of a breach of contract and whether you have to get into chapter and verse. I don't think you have to address that question here because I think that the complaint satisfies the pleading standard regardless. But I do also think, and this is the last one, I think, if you really do have to quote chapter and verse, you know, and actually put in the literal section number in order to satisfy a pleading standard, that takes five minutes. That we should be allowed to amend our pleading in order to do that. But I don't think you need to get that because I think the complaint as pleaded satisfies the pleading standard. Thank you, Your Honor.